IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KARIM M. AZIM RAZZAQ,**

       **Plaintiff,**

                              CIVIL ACTION
   **vs.**                           No. 10-3123-SAC

**CORRECTIONS CORPORATION OF AMERICA,**
**et al.,**

       **Defendants.**


**MEMORANDUM AND ORDER**

    This matter is a civil action filed by a prisoner. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis.

    Plaintiff's motion to proceed in forma pauperis pursuant is governed by 28 U.S.C. § 1915. Section 1915(a)(1) requires a prisoner seeking to bring a civil action without prepayment of fees to submit an affidavit that includes a statement of all assets, a statement of the nature of the complaint, and the affiant's belief that he is entitled to redress. The court finds the motion for leave to proceed in forma pauperis filed by plaintiff satisfies these requirements.

    Section 1915(a)(2) requires an inmate also to submit a certified copy of the inmate's institutional account for the six

months immediately preceding the filing of the action from an appropriate official from each prison in which the inmate is or was incarcerated. Plaintiff has not yet submitted this information.

Also before the court are plaintiff's motions to appoint counsel and for leave to amend the complaint.

A party in a civil action has no constitutional right to the assistance of counsel in such an action. *Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir. 1969). Rather, the decision whether to appoint counsel lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The court should consider "the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Long v. Shillinger*, 927 F.2d 525, 526-27 (10th Cir. 1991). Having considered the record, the court declines to appoint counsel at this time. It appears the plaintiff is able to identify his claims, and the facts involved do not appear to be unusually complicated. Plaintiff may renew his motion following the development of the record.

Plaintiff's motion for leave to amend the complaint is granted pursuant to Rule 15(a)(1) of the Federal Rules of Civil

Procedure, which allows a party to amend its pleading once as a matter of course within 21 days of service. No service has been effected on the present complaint.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff shall supply the court on or before January 7, 2011, with a certified copy of his institutional financial records for the six months preceding June 2010 from all facilities in which he was housed during that period. The failure to file a timely response may result in the dismissal of this action without further notice to plaintiff.

IT IS FURTHER ORDERED plaintiff's motion for the appointment of counsel (Doc. 3) is denied with leave to renew the motion.

IT IS FURTHER ORDERED plaintiff's motion for leave to amend the complaint (Doc. 4) is granted.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 7th day of December, 2010.

    S/ Sam A. Crow
    SAM A. CROW
    United States Senior District Judge