IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Karim M. Azim Razzaq,

        Plaintiff,

        vs.                    Case No. 10-3123-JTM

Corrections Corporation of America, et. al.,

        Defendants.

MEMORANDUM AND ORDER

Corrections Corporation of America (CCA), and four of its employees – Volle, Castellon, Limeweaver, and Garcia – filed a Motion to Dismiss (Dkt. No. 26) arguing lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a claim under 12(b)(6).[1] A motion to dismiss under 12(b)(6) is untimely when filed after an answer. *See* Fed. R. Civ. P. 12(b). An untimely Rule 12(b)(6) motion may be treated, however, as a Rule 12(c) motion for judgment on the pleadings, and the Court will treat it as such. *See Nicks v. Brewer*, No. 10-1220, 2010 WL 4868172, at *2 (D. Kan. Nov. 23, 2010). For the following reasons, the court grants the motion to dismiss. Razzaq's two motions to appoint counsel (Dkt. Nos. 19 & 28) are denied.

---

[1] The pleadings, motions, and briefs have not established the full names of the individual defendants. Limeweaver is called Linaweaver by the Defendants. The Plaintiff refers to "Lieutenant D. Volle," "Officer Castellon," "Sergeant B. Limeweaver," and "Officer E. Garcia."

**I. Background**

Razzaq was an inmate at the Leavenworth Detention Center, a federal penitentiary operated by the CCA. Razzaq alleges that on the morning of March 16, 2010, Volle informed Razzaq that he would be receiving a cell mate. Razzaq replied that he was on "single cell status" and did not want a cell mate, and especially not the cell mate in question, who Razzaq said was a big troublemaker with a history of assaults.[2] Razzaq was removed from his cell for an hour of outdoor recreation. When he returned, Limeweaver, Garcia, and Castellon were there with the new cell mate. Both the cell mate and Razzaq were handcuffed. Razzaq again voiced his desire not to have this particular cell mate and asked to see a supervisor. Razzaq and the cell mate were placed inside the cell, and Limeweaver, Garcia, and Castellon went outside the cell. Limeweaver then uncuffed the cell mate. The cell mate pulled a knife out of his pants and stabbed the still-handcuffed Razzaq seventeen times.

The defendants argue that Razzaq failed to plead exhaustion of administrative remedies, failed to state a claim against the CCA under 42 U.S.C. § 1983 or *Bivens*, and failed to state a claim against Volle, Limeweaver, Garcia, and Castellon.

**II. Rule 12(c) Legal Standard**

The court reviews Rule 12(c) motions under the same standards governing 12(b)(6) motions. *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223 (10th Cir. 2009). Under these standards, the court accepts factual allegations in the complaint as true and draws reasonable inferences in favor of the plaintiff. *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008). The

---

[2] The cell mate has not been named in any documents before this court.

2

complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'Plausibility' in this context refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). Thus, "where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but it has not 'show[n] – 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009) (quoting FED. R. CIV. P. 8(a)(2)).

Because Razzaq is a pro se litigant, the court must construe his pleadings liberally and apply a less stringent standard than that applicable to attorneys. *See Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997). The court, however, may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Id*.

### III. Exhaustion of Remedies Is An Affirmative Defense

First, the Defendants argue that because Razzaq failed to plead exhaustion of administrative remedies, he has failed to state a claim upon which relief may be granted. But inmates are not required to specially plead or demonstrate exhaustion in their complaints. *Jones v. Bock*, 549 U.S. 199, 216 (2007). A prisoner's failure to exhaust administrative remedies is an affirmative defense, not a pleading requirement the prisoner must anticipate in his complaint. *Strope v. Cummings*, 653

3

F.3d 1271, 1274 (10th Cir. 2011); *Roberts v. Barreras*, 484 F.3d 1236, 1240 (10th Cir. 2007).

Prisoners no longer have the duty of pleading exhaustion. *See Freeman v. Watkins*, 479 F.3d 1257,

1260 (10th Cir. 2007). Therefore, this argument fails.

## IV. Whether *Bivens* or 42 U.S.C. § 1983 Applies

Next, the defendants argue Razzaq fails to state a claim under 42 U.S.C. § 1983 or under

*Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The Complaint alleges the CCA and

the individual defendants were acting in their individual capacities under color of federal law, but

"invokes jurisdiction" only under 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983, which pertain to state

law.[3] The issue of whether a *Bivens* claim or a Section 1983 claim is more appropriate is complicated

by the nature of Razzaq's imprisonment. In his brief, Razzaq claims he was a state prisoner

temporarily housed in the federal Leavenworth prison due to space constraints.[4] But a *Bivens* suit

against a federal agent is equivalent to a Section 1983 suit against a state official. *Springer v. Albin*,

398 Fed. App'x 427, 435 n.5 (10th Cir. 2010). And because a *Bivens* suit and a Section 1983 suit

are equivalent, this court cites to both *Bivens* and Section 1983 cases as authority. *See id*. Given the

less stringent standard applied to pro se pleadings, and the analogous nature of *Bivens* and Section

1983 suits, it is unnecessary to determine whether one is more appropriate here. *See Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991).

---

[3] The defendants express doubt as to whether Razzaq is suing the CCA, arguing "Plaintiff does not include CCA in his listing of Defendants in the body of the Complaint" (Dkt. No. 27, at 4). This is not true of the Amended Complaint (Dkt. No. 20), against which the defendants lodged both their Answer and their present Motion to Dismiss.

[4] The Defendants refer to Razzaq as a federal offender (Dkt. No. 27, at 4).

4

**V. Section 1983/*Bivens* Legal Standard**

To recover on a claim under Section 1983 (or *Bivens*), plaintiff must prove that defendants deprived him of a constitutional right and that they acted under color of state (or federal) law. A private individual's conduct constitutes state action only if it is "fairly attributable" to the state. *See Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996). Conduct is "fairly attributable" to the state if (1) the deprivation is caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state; and (2) the private party acted together with or obtained significant aid from state officials or engaged in conduct otherwise chargeable to the state. *See id*.

**VI. The Claims Against the CCA Fail**

On three occasions from 1971 to 1980, the Supreme Court recognized an implied cause of action for money damages arising directly under the Constitution. *See Carlson v. Green*, 446 U.S. 14 (1980) (implied action against federal prison officials for Eighth Amendment violation)*; Davis v. Passman*, 442 U.S. 228 (1979) (implied action against federal official for Fifth Amendment violation); *Bivens*, 403 U.S. at 388 (implied action against federal officials in individual capacities for Fourth Amendment violation). Since 1980, however, the Supreme Court has refused to recognize new causes of action for money damages arising directly from the Constitution. *See Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1098 (10th Cir. 2005).

In *Correctional Services Corporation v. Malesko*, 534 U.S. 61 (2001), the Supreme Court underscored its hesitation to imply a *Bivens* cause of action in a new circumstance. In *Malesko*, a federal offender sued the Correctional Services Corporation, a private corporation operating a halfway house under contract with the Bureau of Prisons, for Eighth Amendment violations. The

Supreme Court refused to extend *Bivens* to claims against private entities. *See id*. at 66; *see also Peoples,* 422 F.3d at 1099, (discussing *Malesko's* holding), *vacated in part en banc,* 449 F.3d 1097 (10th Cir. 2006). Because the CCA is a private entity, and *Bivens* and Section 1983 do not extend to private entities, Razzaq has failed to state a claim upon which relief can be granted. Therefore, the court grants the motion to dismiss as to the CCA.[5]

## VI. The Claims Against Volle, Limeweaver, Garcia, and Castellon

Razzaq argues "the defendant's failure to protect, which caused the Plaintiff to be stabbed seventeen times," violated the Eighth Amendment and the Due Process clause of the Fourteenth Amendment.[6] The Tenth Circuit has previously held that prisoners have no implied right of damages against employees of a privately operated prison when state or federal law affords an alternate cause of action for the alleged injury. *Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1108 (10th Cir. 2005). But in cases such as these, where the defendants have not addressed whether adequate state remedies are available, this court has held that a motion to dismiss will not be categorically granted. *Luttrell v. Grote*, No. 10-3137, 2011 WL 6122359, at *4 (D. Kan. Dec. 8, 2011); *Lindsey v. Bowlin*, 557 F. Supp.2d 1225, 1231 (D. Kan. 2008).

The Supreme Court's recent decision in *Minneci v. Pollard,* 132 S. Ct. 617 (2012) requires an outcome different than that in *Luttrell* and *Lindsey*. Razzaq makes a claim for physical and

---

[5] The defendants argue Razzaq's claim against the CCA should also be dismissed for lack of subject matter jurisdiction. "As we have previously stated, however, whether a court should imply a *Bivens* remedy is not a question of subject matter jurisdiction." *Smith v. United States*, 561 F.3d 1090, 1100 n.10 (10th Cir. 2009); *see also Peoples v. CCA Det. Ctrs.*, 449 F.3d 1097 (10th Cir. 2006).

[6] Although Razzaq characterizes "failure to protect" as a violation of Due Process, the right to reasonable measures to guarantee inmate safety stems from the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994).

emotional harm, as did the prisoner in *Minneci*. *See id*. The Court characterized such harms as "a result of aggravated instances of the kind of conduct that state tort law typically forbids." *Id*. at 624. The Court specifically noted the existence of general tort duties of reasonable care on prison employees "in every one of the eight States where privately managed secure federal facilities are currently located." *Id*. And the Court further characterized the question as "whether, in general, state tort law remedies provide roughly similar incentives for potential defendants to comply with the Eighth Amendment while also providing roughly similar compensation to victims of violations" before concluding that "in practice, the answer to this question is 'yes.'" *Id*. Because of the existence of adequate state tort remedies, Razzaq's claims against Volle, Limeweaver, Garcia, and Castellon must be dismissed.

IT IS ACCORDINGLY ORDERED this 20th day of March 2012, that the defendants' Motion to Dismiss (Dkt. No. 26) is granted.

IT IS FURTHER ORDERED that Plaintiff's Motions to Appoint Counsel (Dkt. Nos. 19 & 28) are denied as moot.

s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE